UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTIAN GREEN,    CASE NO.:

    Plaintiff,

v.

STAPLES PARENT, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, CHRISTIAN GREEN ("Ms. Green" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from STAPLES PARENT, INC. ("Staples" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Orange County, Florida.

3. Defendant is a foreign limited partnership that is located in Framingham, Massachusetts, and does business in Orange County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Orange County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant, most recently in Inside Business-to-Business Sales, from May of 2017 until her termination on June 18, 2020.

8. In the Spring of 2020, Ms. Green informed Staples that she was expecting a child, with an anticipated due date of May 29, 2020.

9. Ms. Green applied, and was approved for, unpaid FMLA leave in order to prepare for delivery of her child, deliver her child, and recover from the child's delivery.

10. As it happened, the child arrived late, born on June 5, 2020.

11. Ms. Green therefore applied, and was approved for, an extension of her FMLA leave through July 16, 2020 via CIGNA, Staples's third-party FMLA coordinator.

12. Ms. Green kept CIGNA and Staples apprised of the delay in her child's delivery and of her condition while out on FMLA leave.

13. Nevertheless, on June 18, 2020, while Ms. Green was out on approved FMLA leave after delivering her baby daughter, Staples informed Ms. Green that it had decided to terminate her employment, effective immediately.

14. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Green notifying Staples of her serious health condition,

and in retaliation for Ms. Green utilizing or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

15. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

16. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

17. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

18. The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

19. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

20. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

21. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

22.  Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

23.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22, above.

24.  At all times relevant hereto, Plaintiff was protected by the FMLA.

25.  At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

26.  At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights freely.

27.  As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

28.  As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

32. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for applying or attempting to apply for FMLA leave and for utilizing or attempting to utilize what should have been FMLA-protected leave.

33. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

34. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 13th day of June, 2022.

        Respectfully Submitted,

        */s/ Noah E. Storch*
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR. 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile:  (954) 337-2771
        E-mail: **noah@floridaovertimelawyer.com**

        *Attorneys for Plaintiff*